NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3231

AUDREY MARIE ROBINSON,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Wesley Martin McAuley, of Montgomery, Alabama, argued for petitioner.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel was Meredyth D. Cohen, Attorney.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3231

AUDREY MARIE ROBINSON,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT315H050880-B-1.

_____

DECIDED:  February 25, 2008

_____

Before SCHALL, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

The Merit Systems Protection Board held that it lacked jurisdiction over Audrey Marie Robinson's appeal following the termination of her employment with the Department of the Army.  We <u>affirm</u>.

## BACKGROUND

Ms. Robinson was hired in June 2000 on a temporary appointment as a purchasing agent with the Department of the Air Force.  She served in that capacity in a

series of temporary appointments, none of which exceeded one year in duration. In early 2003, the Department of the Army issued a job opportunity announcement for a permanent position as a Contract Specialist. The announcement stated that the position was open to all permanent career/career conditional employees serviced by the regional personnel advisory center, Army employees with competitive status, and Department of Defense employees having a career or career conditional appointments. The position was not open to temporary employees.

Even though she was a temporary employee, Ms. Robinson applied for the position. On her resume, Ms. Robinson listed her current employment but did not indicate whether her position was temporary or permanent. In response to a question about her current career status, she checked both the "temporary" and "permanent" career status boxes.

Notwithstanding that her temporary position made her ineligible for the position according to the announcement, Ms. Robinson was selected for the position, and she reported for duty on May 18, 2003. Two days later, on May 20, 2003, Ms. Robinson received a call informing her that she had been erroneously appointed because she had no prior federal employment other than as a temporary employee. Ms. Robinson was told that her appointment would be changed to a 30-day emergency temporary appointment and the position would be re-advertised. She was told that the position could be re-advertised in a manner that would make Ms. Robinson eligible if she took and passed the civil service examination. Ms. Robinson, however, told her supervisor that she expected a permanent position, not a temporary appointment, and she left the

position, not returning to work after May 21, 2003.  The agency treated her action as a resignation with an effective date of May 21, 2003.

Ms. Robinson appealed to the Merit Systems Protection Board from what she considered an improper termination of her permanent position.  The administrative judge assigned to her case ruled that Ms. Robinson was appointed to a permanent position but was in a probationary period at the time of her termination.  Because she was terminated during her probationary period based on an error in the appointment process, the administrative judge concluded that she was entitled to the procedural protections, such as written notice and an opportunity to respond, that are set forth in 5 C.F.R. § 315.805.  Although she was not given those rights, the administrative judge found that the denial of those rights constituted harmless error, because it was undisputed that she was not eligible for appointment to the position.  The administrative judge therefore denied Ms. Robinson's appeal.

On her petition for review, the full Board reopened the appeal on its own motion. The  Board analyzed the case differently.  In the Board's view, there was a substantial question whether the Board had jurisdiction over Ms. Robinson's appeal in two respects.  First, the Board noted that the agency had treated her separation as a resignation and that she had not sought to show that the resignation was involuntary.  If she could not show that the resignation was involuntary, the Board would not have jurisdiction over the appeal.  Second, the Board suggested that in light of her prior position, Ms. Robinson might not qualify as an "employee" under 5 U.S.C. § 7511 and therefore would not be entitled to pursue an appeal with the Board from the adverse

action against her. The Board remanded the case to the administrative judge to make determinations on both of those jurisdictional issues.

On remand, the administrative judge ruled that Ms. Robinson was not an "employee" under 5 U.S.C. § 7511 and that the Board therefore lacked jurisdiction over her appeal. The administrative judge explained that Ms. Robinson's prior service as a temporary employee did not qualify her as an employee under 5 U.S.C. § 7511(a)(1)(A)(ii), and that she would qualify as an "employee" within the meaning of section 7511 only if she was a "preference eligible" employee. Because Ms. Robinson is not a "preference eligible" employee, the administrative judge found that she was not an "employee" entitled to appeal to the Board.

Ms. Robinson now petitions for review by this court.

DISCUSSION

Ms. Robinson contends that she was an "employee" because she was appointed to a non-temporary competitive service position and was not serving a probationary period. See 5 U.S.C. § 7511(a)(1)(A)(i) (defining "employee" in part as an "individual in the competitive service who is not serving a probationary or trial period under an initial appointment"). The government points out that Ms. Robinson raised this issue for the first time before the Board in her second petition for review. Previously, she had argued that she was an "employee" because she had "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(ii). In fact, the government points out, earlier in the litigation she had conceded through counsel that she did not qualify as an employee under clause (i) of section 7511(a)(1)(A). The government therefore contends that Ms. Robinson has

2007-3231                                    4

waived her right to now argue that the Board has jurisdiction over her appeal because she is an employee under clause (i). In addition, because Ms. Robinson previously contended that she was a probationary employee at the time that her appointment was terminated, the government contends that she should not now be allowed to argue that she was not a probationary employee at that time.

While there is substantial force to the government's arguments regarding the inconsistencies in Ms. Robinson's position before the Board and in this court, we nonetheless exercise our discretion to address the merits of her claim. On the merits, we hold that the Board correctly concluded that Ms. Robinson failed to show that she was an "employee" entitled to take an appeal to the Merit Systems Protection Board.

First, it is clear that her temporary appointments did not provide the one year of continuous service required under clause (ii) of section 7511(a)(1)(A). That clause specifically states that the service must be "other than a temporary appointment limited to 1 year or less." Because she had previously worked exclusively under such appointments, she is not entitled to "employee" status under that clause.

Second, even if Ms. Robinson's mistaken appointment made her the lawful incumbent of a permanent appointment for the two days before the agency discovered the mistake in the appointment process, she was, as a matter of law, serving a one-year probationary period during her tenure in that position. See 5 C.F.R. § 315.801(a)(1) ("The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period when the employee . . . [w]as appointed from a competitive list of eligibles . . . ."). Ms. Robinson's suggestion that the agency waived the probationary term because it did not mention it in the letter regarding

her appointment is incorrect, as the agency lacks authority to waive that requirement. See Phillips v. Dep't of Hous. & Urban Dev., 44 M.S.P.R. 48, 52 (1990). Nor is the agency required to inform an employee who is appointed for the first time to a career position that her status is initially that of a probationary employee. Park v. Dep't of Health & Human Servs., 78 M.S.P.R. 527, 534-35 (1998); Phillips, 44 M.S.P.R. at 52. Accordingly, we agree with the Board that Ms. Phillips was, at best, in probationary status at the time her appointment was revoked and thus was not an "employee" under section 7511. For that reason, the Board correctly held that she was not entitled to appeal to the Board from the adverse action of removal under the authority of 5 U.S.C. § 7513(d).